IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEVEN W. SANDERS                                                                                    PLAINTIFF

v.                                    Civil No. 2:22-CV-02074-PKH-MEF

KENDRA WOLD, Parole Officer,                                                                     DEFENDANTS
Arkansas Community Corrections;
MAJOR RUH, Warden, Omega Unit; and
OWENS, Records Supervisor, Omega Unit

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Pursuant to § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.        BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 4, 2022. (ECF No. 1). It was transferred to this District on April 27, 2022. (ECF No. 5). That same day, the Court entered an Order directing Plaintiff to submit an Amended Complaint by May 18, 2022. (ECF No. 8). When Plaintiff failed to do so, the Court entered a Show Cause Order on May 24, 2022, directing Plaintiff to show cause for his failure to obey a Court Order by June 14, 2022. (ECF No. 10). Plaintiff filed an Amended Complaint on May 26, 2022, and a Response to the

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Show Cause Order on June 6, 2022. (ECF Nos. 11, 12). Because portions of his Amended Complaint were unclear, the Court entered a second Order on June 13, 2022, directing Plaintiff to submit an Amended Complaint by July 5, 2022. (ECF No. 13). Plaintiff filed his Second Amended Complaint on June 30, 2022. (ECF No. 14).

For his first claim, Plaintiff alleges that on December 1, 2021, Defendant Wold violated his constitutional rights. He alleges she first issued him a 60-day parole violation "with the idea that I was to be released soon because of goodtime credits I was to serve only 30 days for good behavior." (ECF No. 14 at 4-5). He alleges his parole was then revoked before he left the county jail:

> Which means I was not even eligible to be sent to the ACC Sanction Center. I was pulled from the program, without warning, handcuffed placed in segregation and denied my rights even further then what was already being violated. I was detained and transferred to the ADC (Arkansas Department of Correction) without due process.

(*Id*. at 5). Plaintiff proceeds against Defendant Wold in her individual and personal capacity. (*Id*.). As his official capacity claim against her, he states that when he signed for the 60-day parole violation he was "in compliance with [his] end of the bargain." (*Id*.). He alleges his removal from the program violated his Eighth Amendment rights to a "safe and secure environment." (*Id*.).

For his second and third claims, Plaintiff alleges that Defendant Ruh and Defendant Owen violated his rights between January 7-20, 2022. (ECF No. 14 at 5-8). He proceeds against both Defendants in their official and individual capacity. (*Id*. at 7, 8). Although Plaintiff's allegations for these claims are less than clear, if taken in conjunction with his allegations for his first claim, it appears that he was placed in solitary confinement at the Arkansas Community Correction ("ACC") Omega Supervision Sanction Center prior to being sent to the Arkansas Division of Correction. Plaintiff alleges he was a model inmate with no disciplinary charges and no behavior

issues with the Omega Center staff, but he was abruptly placed in solitary confinement, where he was denied yard time, exercise, and sunlight. (*Id*. at 6). He believes Defendant Ruh was responsible for this placement, as well as for denying his complaints and grievances about the situation. (*Id*.). On the section of the form where he is asked to describe his official capacity claim against Defendant Ruh, he states his Eighth Amendment "rights to a safe and secure [environment] were infringed upon." (*Id*. at 7).

Plaintiff alleges he sent complaint forms to Defendant Owens concerning his lack of sunlight, TV, news of any kind, outside time, yard time, and yard call while in solitary confinement. (ECF No. 14 at 7-8). He states he was told "preponderance of the evidence with show," and Defendant Owens told him that items such as TV and yard time were "not a right but a privilege." (*Id*. at 8). Plaintiff alleges he was "shocked in disbelieve" at this answer, and has proof of the contents of the answer. (*Id*.). On the section of the form where he is asked to describe his official capacity claim, he alleges that the denial of the above-mentioned privileges violated his Eighth Amendment rights. (*Id*. at 8).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 9). He also asks this Court to remind the officers of the law and the Omega Center staff that "in America that just because a citizen is jailed, does not mean they should be treated in any other way different than anyone else that is an American citizen." (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A.   Defendant Wold

Plaintiff identifies Defendant Wold as his parole officer. Parole officers are immune from suit. "[T]he extent of immunity accorded an official depends solely on the officials' function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006), citing *Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir. 1986). The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue. *Nelson*, 802 F.2d at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a

parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); *Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports). Based on Plaintiff's allegations, Defendant Wold is entitled to either absolute immunity or qualified immunity.

B.     **Defendants Ruh and Owens**

Plaintiff alleges Defendants Ruh and Owens violated his Eighth Amendment rights by placing him in solitary confinement for 13 days, and by failing to respond to his complaints to correct his placement and the conditions thereof. "Punitive isolation or solitary confinement is not in itself cruel and unusual punishment." *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir. 1977) (citing *Burns v. Swenson*, 430 F.2d 771, 777-78 (8th Cir. 1970)); *see e.g.*, *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend 37 days in punitive isolation did not rise to the level of an Eighth Amendment violation); *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994) (holding that placement in administrative segregation for nine years, as result of several disciplinary convictions, did not violate the Eighth Amendment). Further, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Id.* (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). 30 days in punitive segregation is not an atypical or significant hardship. *Id.*; *Kennedy v. Blankenship*, 100 F.3d 640,

642–43 (8th Cir.1996) (30 days of punitive isolation instead of less-restrictive administrative segregation not atypical or significant hardship); *Burgess v. Hobbs*, 5:11CV00076 JMM/HDY, 2011 WL 1584316, at *2 (E.D. Ark. Apr. 12, 2011) (30 days of punitive time, 60 days of lost privileges, and a year in administrative segregation, are not atypical and significant hardship).

      Here, Plaintiff has alleged nothing more than the fact he was placed in solitary confinement for 13 days at the Omega Unit after his parole was revoked and before he was transferred to the ADC. This falls far short of establishing he was subjected to cruel and unusual punishment.

## IV.    CONCLUSION

      Accordingly, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 14) be DISMSSED WITHOUT PREJUDICE.

      **The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 8th day of August 2022.

                                            /s/ *Mark E. Ford*
                                            HON. MARK E. FORD
                                            UNITED STATES MAGISTRATE JUDGE